The opinion of the Court was delivered by
Fenner, J.
Defendant, convicted of murder without capital punishment, and sentenced to the penitentiary for life, demands reversal on ollowing grounds, viz:
1. That the indictment does not show, on its face, that it was-found during a session of the court.
This was unnecessary. The minutes of the court, forming part of the record, sufficiently show the facts as to the sessions of the court.
*1089 2. That the finding, endorsed on the indictment, is signed, “ A. Wartelle, Foreman of the Grand Jury,” while the minutes of the court show that Armancl Wartelle was appointed as such foreman.
In presence of the fact that the record shows there was but one Wartelle on the Grand Jury, and in absence of any suggestion of fraud, the objection must be treated as frivolous.
3. That the indictment does not set forth the “nature and cause of the accusation,” as required by Article 8 of the present Constitution.
The objection is founded on the failure of the indictment to set forth “the manner in which, or the means by which, the death of the deceased was caused.” ,
Such setting forth is expressly dispensed with by R. S. Sec. 1048, and we have heretofore held that this Section was not inconsistent with Art. 8 of the Constitution, disposing of all the arguments now urged against the position. State vs. Bartley, 34 An. 147.
4. The admission, over defendant’s objection, of the testimony of Bacon, a witness for the State, taken a.t a preliminary trial. The sheriff’s return on the summons to Bacon was, that he was unable to serve it, being reliably informed that the said Bacon had left the parish.
At the trial the State offered, and the court received, against defendant’s objection, parol evidence establishing that Bacon was lying sick in hosjrital in New Orleans.
The admissibility of this last mentioned evidence, and its sufficiency, in connection with the sheriff’s return, to authorize the reception of Bacon’s testimony at the preliminary trial, are fully sustained by the authority of State vs. Harvey, 28 An. 105.
The case of State vs. Boitreaux, 31 An. 188, relied on by defendants’ counsel, rested upon the insufficiency of the return on the subpoena., unaided by testimony establishing affirmatively the impossibility of procuring the attendance of the witness. The case, therefore, does not apply.
• Other errors assigned have no force, and are not even supported by argument.
Judgment affirmed.